## LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY CO. *v.* R. F. AND S. TATE.

1. RAILROADS. *Killing stock. Negligence. Case.*

Where, in an action against a railroad company for killing a mule, the engineer, the only witness for defendant, testified that, when first disclosed by the head-light, the mule was standing across the track, about fifty yards ahead of his rapidly moving train, and it was then impossible to avoid the accident, and the evidence for plaintiff is merely that .the tracks of the mule showed that it had run forty yards down the track before being struck, there is no real conflict in the evidence, and, that of the engineer being probable, the court should have instructed for the defendant.

2. INSTRUCTION. *Aimed at witness. Uncontradicted testimony.*

Where the testimony of the only witness for defendant is uncontradicted, and not improbable or unreasonable, it is error to give an instruction, at the instance of plaintiff, that if any witness has knowingly testified falsely in a material matter, the jury may disbelieve him.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

Action by appellees to recover of the appellant company the value of a mule killed by its running train. The testimony of the witnesses for the plaintiff is stated in the opinion. It may be added that they testified that the tracks of

the mule showed that it ran about forty yards down the track before being overtaken.

The engineer, who was the only eye-witness, and the only witness examined for the defense, testified that the night was dark; that his train—a freight, consisting of thirty-five loaded cars—was running twenty-five miles an hour; that he was at his post, and on the lookout; that the mule came on the track at the place where it was killed, and, when first seen, was standing across the track about fifty yards ahead of his engine, and did not move until struck, and that it was impossible to stop or check the train in time to avoid the accident.

The fourth instruction given for plaintiff is as follows:

"If the jury believe from the evidence that a witness has testified falsely to a material fact in one respect, then the jury may disregard his entire evidence, but they are not bound to do so. They may believe him in part and disbelieve him in part, and it is a matter exclusively for the jury to determine whether they believe or disbelieve any witness in whole or in part; but there is a presumption of law that, if a witness has wilfully and knowingly testified falsely in one respect with regard to a material fact, his entire testimony is to be received with great caution."

Verdict and judgment for plaintiff. Motion for new trial overruled, and defendant appeals.

*Mayes & Harris*, for appellant.

The testimony of the engineer is not contradicted. It is not improbable, and is not inconsistent with the facts testified to by plaintiff. Every thing in evidence for plaintiff may be true, and yet the statement of the engineer may also be true.

The fourth instruction assumes that the engineer testified falsely. He is uncontradicted, and nothing in the evidence warrants the giving of the instruction.

*Calvin Perkins*, for appellee.

There was sharp, if not irreconcilable conflict in the evidence, and the question of negligence was for the jury. *Railroad Co.* v. *Cantrell*, 69 Miss., 435; *Kent* v. *Railroad Co.*, 67 *Ib.*, 608.

Argued orally by *J. B. Harris*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

Reluctant as we are to set aside a verdict approved by the circuit judge, we are so dissatisfied with this one as to feel constrained to do it. There is no real conflict between the witnesses as to material facts. Doubtless, each told the truth as he understood it, and, if so, the defendant was entitled to a verdict. The plaintiff's witness testified that the numerous tracks indicated that the mule had "fed along" the road-bed for nearly or quite an hour (which must have been the merest guess, for how many tracks a mule grazing would make in a given time must be very uncertain, because depending on so many things), and had run down the track from near a trestle to near where it appeared to have been caught and killed. This may be true in all respects, and it does not follow that the testimony of the engineer is not true. The running of the mule may have been some time before the train came near enough for it to be seen. It may have heard and seen the train in the distance, and run and stopped to gaze, and have been thus engaged when seen by the engineer; or the running may have been quite independent of the train, and the mule may have come onto the road near where it was caught, which is suggested by the testimony for the plaintiff, to the effect that it came on near where it was struck. It is not improbable that it ran, and got off the road, and went on, and was standing across, as stated by the engineer. No one knows how it was except the engineer, and he testifies as above, and he is uncontradicted, and there is nothing improbable or unreasonable in his evidence.

There is nothing in the testimony to warrant the fourth instruction for the plaintiff, which was aimed at the engineer. In our opinion a new trial should have been granted.

*Reversed and remanded.*