T. R. SCOTT *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD CO.

RAILROADS.  *Killing stock.*  *Negligence.*  *Case.*

. In an action for killing a mule, although the engineer testifies that it came on the track from the west, immediately in front of the engine, which was going south, and that he did everything possible to prevent collision, if there is testimony that there were tracks, as of a mule running rapidly, two hundred yards down the track to where it was found, and that there was a large hole in its right hip, and the engineer admits that if he had tried to stop at one hundred or one hundred and fifty yards, by the time he ran one hundred and fifty yards he would be going very slowly, it is for the jury to say whether the injury could have been prevented by reasonable effort, and a peremptory instruction for defendant is error.

FROM the circuit court of Bolivar county.

HON. R. W. WILLIAMSON, Judge.

Action by T. R. Scott against the Yazoo & Mississippi Valley Railroad Company to recover the value of a mule killed by its locomotive. Verdict for plaintiff, and defendant appeals.

The opinion states the substance of the testimony.

*Sillers & Owen,* for appellant.

The physical facts in the case contradict the testimony of the engineer. In view of the facts that the mule was struck on the right hip, showing that it could not have been in the position as testified by the engineer; that its tracks ran down the railroad for two hundred yards; that the train could have been stopped, or slackened, in that distance, it was error to take the case from the jury. The case is different from that of *Railway Co.* v. *Tate,* 70 Miss., 348. The court should not establish the rule that a plaintiff must have witnesses to overcome the positive testimony of employes of a railroad company.

*Mayes & Harris*, for appellee.

There is nothing in ·evidence which conflicts with the statement of the engineer, and as the statement, if true, acquits the company, the court properly instructed` for defendant. 70 Miss., 348; 71 *Ib.*, 451. There is no evidence that the tracks were made by the mule in question. It is shown that there were two other mules there, and the tracks might have been made by them. Even if the engineer did see, or could have seen, the animal, it is shown that the train could not have been stopped in time to avoid collision. There is no contradiction of positive testimony by circumstances so long as both can stand. The case is governed by *Railway Co.* v. *Tate*, 70 Miss., 348.

Argued orally by *J. B. Harris*, for appellee.

Whitfield, J., delivered the opinion of the court.

The engineer testified that the mule came on the track from the west side going east, the train going south, going directly across, and was almost immediately struck. This would place his left side broadside the engine; but there was evidence that there was a large hole in his right hip. The engineer testifies that the mule was not more than ten or fifteen feet from the engine when it came on the track—was not going down the track—and he was almost immediately on it, and struck it. There was testimony that there were mule tracks for nearly two hundred yards down the roadbed to where the mule lay. The engineer testified that he did everything in his power to prevent the accident, and it was impossible to prevent it, but admits that if he had attempted to stop his train at 100 or 150 yards; when he reached "the 150 yards point he would be running very slow;" and there is testimony that, "from the way the mule's tracks dug up the gravel" in the roadbed, "it was running very fast."

Taking both of the last two statements to be true, is it impossible that the mule could have escaped, if the engineer had

attempted to stop his train within one hundred and fifty yards? There is no controversy over the facts that there were only three mules, and that two went across the track and escaped. Whether the tracks on the roadbed were those of the mule in question, was a question for the jury, as were the other matters of fact arising on this testimony.

*Railroad Co.* v. *Tate,* 70 Miss., 348, is readily distinguishable. To approve the peremptory instruction in this case, would be practically to hold that, in cases of this character, in which the employes of railroad companies are often the only eye witnesses, such witnesses cannot be contradicted by circumstantial evidence. It is the province of the jury, as the triers of fact, to ascertain the truth of a case clouded by such conflict in testimony.

*Reversed and remanded.*