## W. B. ROBERDS *v.* MOBILE & OHIO RAILROAD CO.

1. RAILROADS.  *Live stock on track.*  *Stock law district.*  Code 1892, § 1808.

    Though live stock may, in a stock law district, be wrongfully at large and trespassing on a railroad track, yet, under § 1808, code 1892, the railroad company is *prima facie* liable to the owner for injury to an animal inflicted by the running of its locomotives or cars.

2. SAME.  *Peremptory instruction.*

    Where an animal is killed or injured by the running of railroad locomotives or cars, even if the animal were unlawfully at large and trespassing on the track, yet a peremptory instruction for defendant should not be given if there be evidence showing, or tending to show, that the injury might have been avoided by the exercise of reasonable care after the animal was seen by defendant's servants in charge of the train.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

Roberds, the appellant, sued the Mobile & Ohio Railroad Company before a justice of the peace for the value of a mule which had been killed by a locomotive of the company in a stock law district, a portion of the county in which it was unlawful to allow live stock to roam at large, and recovered in the justice's court a judgment for one hundred dollars; the defendant appealed to the circuit court, where a trial *de novo* was had before a jury. Under a peremptory instruction from the court, the verdict was for defendant, and plaintiff appealed from the judgment entered thereon. The state of the evidence, as adjudicated by the court, will be seen from the opinion.

*George C. Paine*, for appellant.

We submit that the fact that the killing of the mule occurred in the stock law district of the county, under the facts in the case, will not require the appellant to show that the killing was the result of gross or wanton or cruel negligence on the part of the appellee. Especially is this so under the testimony of the appellant, when he shows that the mule was not running at large by his consent or knowledge, but that it had effected its escape from his lot while he was from home. See 3 Ohio St. Rep., p. 172; 8 Am. & Eng. R. R. Cas., p. 314; 38 Am. Rep., 67; 5 Cal., 513; 62 Conn., 503. Before the appellee can invoke this doctrine, it must appear that the appellant turned his mule out in violation of the statute, and even then the appellee will not be relieved unless the act of the appellant was the proximate cause of the killing. 42 Am. & Eng. R. R. Cas., 555; 71 Ala., 545; 85 Ill., 379.

The case in 71 Alabama is a fine case and is directly in point, as the statute there and the one here are almost the same. We ask the special attention of the court to this case. The appellee has only such rights as the landlord has under the law; he must do no unnecessary hurt to the trespassing animal. See 66 Am. Dec., 552; 71 Ala., 545. It is decided in 4 Ohio St. Rep., 474, that when there is negligence on the part of the

owner in turning out his stock contrary to the law, and negligence on the part of the trainmen in killing the stock, the latter is said to be the proximate cause, and the former the remote cause, and hence, the owner can recover. Although the owner knowingly permits his stock to run at large contrary to the law, he may recover for the killing, whether it was due to gross or wanton negligence, or consisted merely of want of ordinary or reasonable care. See 95 Mo., 232; 45 Mo. App., 123; 19 Ga., 437; 20 Am. & Eng. R. R. Cas., 481.

Under the testimony in this case, we earnestly submit that the trial judge. committed error in not permitting the case to go to the jury.

*Sykes & Bristow*, for appellee.

It being admitted that the mule sued for was killed running at large unlawfully in a "stock law" district of Monroe county, the plaintiff was guilty of contributory negligence, and cannot recover for the killing. At any rate, the defendant railroad company is not held to as high a degree of diligence as in other sections; and it devolves on the plaintiff to prove wanton or wilful or gross misconduct on the part of the defendant, or such a degree of negligence as would amount to wantonness or wilfulness. By the provisions of the act of the legislature of Mississippi, of March 9, 1882 (Laws of 1882, p. 237), it is made unlawful for live stock to run at large in the district in Monroe county where the mule was killed; and the owner of such live stock is made liable for all injuries and trespasses committed on all crops and lands in the district, the claim for which is made a prior lien on the trespassing stock.

The question then recurs, does the unlawful act of the owner of stock, in allowing them to run at large on and about the railroad track, in violation of an express prohibition, constitute contributory negligence on his part, so as to defeat his recovery of damages for injury to said stock while so unlawfully upon the track? And while we must admit that there are a few

authorities to the contrary, yet we submit that reason and the overwhelming weight of authority in the United States, and the unanimous concurrence of the courts in England, sustain the doctrine contended for by us, that such an unlawful act is contributory negligence. All these authorities hold that "in those states of the union in which the common law rule requiring the owner of domestic animals to keep them from straying, at his peril, is recognized," and *a fortiori* where it is forbidden by statute, "it is generally the rule, where there is no statute prescribing a different liability, that a railroad company is not liable for injury to such animals straying upon its track." 7 Am. & Eng. Enc. L., 922, and cases cited in note 2.

In the states of Maine, New Hampshire, Maryland and Pennsylvania, it is broadly held that even for a wanton injury to stock unlawfully straying on the track, the railroad company is not liable. *Railroad Co.* v. *Skinner*, 19 Penn. St., 298; *Railroad Co.* v. *Lamborn*, 12 Md., 257; *Perkins* v. *Eastern Railroad Co.*, 29 Maine, 307; *Railroad Co.* v. *Rehman*, 49 Penn. St., 101; *Woolson* v. *Railroad Co.*, 19 N. H., 267.

And in *Clark* v. *Railroad Company*, 11 Barbour, 112, it is held that there can be no recovery against a railroad company for any injury to animals by gross negligence, in case where the cattle injured were straying upon the track. The principle which defeats a recovery in such case is that the owner of the cattle permitting them to be at large, unlawfully, upon the track, is thereby guilty of contributory negligence, and it is therefore negligence against negligence; and the courts will not weigh the precise degrees of the negligence on both sides. But in several cases in Mississippi the appellate court has held, by the plainest and absolutely unavoidable implication, that where the running at large of stock is made unlawful by local, or general laws, such straying constitutes contributory negligence on the part of the owner.

In *Railroad Company* v. *Field*, 46 Miss., 578, Judge Simrall says: "The common law principle which required the owner

to confine his stock on his own premises, and made him a wrong-
doer if they escaped into the lands of his neighbor, never ob-
tained in this state," and held further, that uninclosed lands,
although private property, are *quasi* common, or, as expressed
in local parlance, a "range," in which the owners of domestic
animals generally may permit them to go at large and depasture
without thereby incurring any responsibility as trespassers. And
it was for this reason alone that the court held the railroad com-
pany liable for injury to the cattle so straying upon its track.
And even in such a state of the law the court still held that "if
the convenience and business of the public demand a rapid trans-
portation, railroads are not restrained from meeting the require-
ments of commerce because the danger to stock is greater from
a fast than a slow train."

This, it must be remembered, is under the law as it was then,
holding the owner of cattle straying on a railroad track not a
trespasser in anywise.

And in *Railroad Co.* v. *Jones*, 59 Miss., 470, Judge Chal-
mer says: "We see no elements of contributory negligence in
the case. The owner of cattle or horses has the right, even in
an incorporated town, to depasture them upon the common, in
the absence of any local legislation prohibiting it, and is not
guilty of negligence in so doing. The risk which he thereby
assumes is greatly increased, but such a practice, though dan-
gerous and reprehensible, is not unlawful, nor does it diminish
his right to demand compensation from those by whose fault
damage is inflicted." Here, again, the court will perceive that
the decision making the defendant railroad liable is squarely
based upon the absence of the common law rule and of any
statutory prohibition as to stock running at large.

And so in *Railroad Co.* v. *Patton*, 31 Miss., 156, the court
held that in this state the owner of cattle may lawfully permit
them to range at large on uninclosed commons, and if in so do-
ing they wander onto the premises of another, the owner of the
cattle is not liable for the trespass, and the cattle cannot be

distrained damage feasant.    And Judge Handy, on pages 186 to 187 of the case, based his decision of the liability of the railroad company and of the insufficiency of the defense of contributory negligence (set up on account of the cattle running at large), on the absence in this state, from the date of its organization, of anything like the old common law rule requiring cattle to be kept up by the owners, and, also, partly on the existence here of certain statutes virtually allowing such cattle to run at large.

Now, we repeat that, in all these Mississippi cases, the railroad companies were held liable, and their defenses of contributory negligence from the cattle being allowed to run at large on uninclosed lands, untenable, alone because of the absence of anything like the common law rule, or of any statute of the state, making it unlawful for live stock to stray upon the lands of another, and constituting such straying a trespass.

And whatever may have been the object or the occasion of the act of 1882 (and we submit it does not make a straw's difference what it was passed for), it does undoubtedly in so many words make it an unlawful act for any live stock to run at large in that part of Monroe county in which the mule was killed.

But, granting that the unlawful allowing of cattle to run at large in this stock law district does not *per se* constitute contributory negligence, yet we submit that such unlawful act is by no means uninfluential in the decision of suits for damages for the killing or injury of animals by railroad companies, and that in such cases neither the plaintiff nor the defendant stands in the same position as if the stock were not trespassing at the time of the injury, but were of legal right on the railroad track.

In the states of New York, Indiana, New Jersey, Pennsylvania, Minnesota, Massachusetts, Maryland and Vermont the courts have held that even the mere act (even though not prohibited by law), of allowing stock to trespass upon the lands

of another, constitutes contributory negligence on the part of the plaintiff except in cases of gross or wilful misconduct. And the extreme length to which a great majority of the courts have gone is that the act of the owner of live stock in allowing them to run at large and trespass upon others' lands will not exempt the railroad company from the obligation to use reasonable care to avoid injury to such live stock.    See 7 Am. & Eng. Enc. L., p. 923, and cases in note.

What are the facts in the case at bar?    Not only has the plaintiff failed, as we think, to show any gross, wilful or wanton negligence on the part of the defendant, but we submit the record shows that there was no lack of any reasonable care or diligence on the part of the defendant; we might go further, and say that there was shown affirmatively the exercise of the very highest degree of diligence on the part of the defendant, and that this suit would never have been dreamed of but for the well-known proclivity of juries to find against railroad companies, utterly regardless of law or evidence.

Stockdale, J., delivered the opinion of the court.

It is assigned as error in this cause that the court below gave a peremptory instruction to the jury to find for defendant. Counsel for appellee, to sustain that action, present three propositions: (1) The mule was killed in the stock law district of Monroe county, while running at large, and hence a trespasser; and the owner is barred of recovery by contributory negligence. (2) Gross and wilful negligence is not shown.    (3) Appellee is not liable, under the proof, in any event.    Many authorities are cited to show that before the passage of the stock law, where the court held railroad companies liable for killing stock, stress was laid on the fact that stock was rightfully allowed to run at large, and were not trespassers when on the track.    Admitting that the mule was trespassing by being at large, that does not absolve a railroad company from the obligation to exercise reasonable care to avoid injury to it when it is seen by

the servants of the company. It was held by this court in *Railroad Co.* v. *Phillips*, 64 Miss., 693, that the railroad company was *prima facie* liable for injuries to Joseph Brantley, inflicted by the running of its cars, whether he was rightfully on the train or not, and that for an injury so inflicted, § 1059, code 1880, was applicable; that a precedent wrong would not excuse the injury. In this case it is admitted that appellee killed the mule by the running of its locomotive and cars, and therefore § 1808, code 1892, makes it *prima facie* liable for the injury, notwithstanding a precedent wrong. To remove that *prima facie* liability, defendant, in the court below, introduced witnesses, and plaintiffs below introduced witnesses to sustain the liability. There was, in that trial, evidence tending to show that the injury might have been avoided by the exercise of reasonable care after the animal was seen by the servants of the company; and there were such contradictory statements made by witnesses, and important conflict in the testimony, as required the case, as we think, to be submitted to the jury for its consideration and finding. We think, therefore, that the court erred in granting the peremptory instruction asked by defendant.

*The judgment of the court below is reversed, and the cause remanded.*