DAVID S. O'KELLY v. YAZOO & MISSISSIPPI VALLEY RAILROAD
COMPANY.

[47 South. 660.]

1. RAILROADS. *Live stock killed on track. Stock laws. Animals
   wrongfully at large.*

   In an action against a railroad company for killing a mule which
   escaped from a yard in the night without plaintiff's fault or
   knowledge, where the evidence, aided by the statute, made the
   company's liability a question for the jury, a stock ordinance in
   force in the city had no application to defendant's liability.

2. SAME. *Evidence. Inferences from physical facts.*

   In actions against a railroad company for injuries to property,
   where the testimony of employes negatives the company's negli-
   gence, but the physical facts might justify an inference of neg-
   ligence, the correctness of the employes' testimony and of the
   company's negligence are for the jury.

FROM the circuit court of Washington county.

HON. SYDNEY SMITH, Judge.

O'Kelly, appellant, was plaintiff in the court below; the
railroad company, appellee, was defendant there. From a
judgment in defendant's favor, predicated of a peremptory in-
struction, plaintiff appealed to the supreme court.

O'Kelly, appellant, sued the railroad company, appellee, for
damages for the killing of a mule by a switch engine of the com-
pany.

The appellant made out his case, in substance, as follows:
That the mule killed had been placed in an enclosed lot of an oil
mill which plaintiff was patronizing; that during the night on
which the mule was killed, without the fault or knowledge of
the appellant, it escaped from the lot, went upon the track of
the railroad company, where it was struck by a switch engine
engaged in setting out some cars on a side track. The appel-
lant's testimony tended to show that the mule had run down

the track about five hundred seventy-five yards before being struck by a box car pushed by the engine; that the mule was unable to leave the track because of ditches on either side and piles of lumber on the right of way; that it was struck near a trestle.   The engineer, in defendant's behalf, testified that he did not see the mule on the track; that the night was dark; that the machinery of his engine was in good working order; and that he was pushing two cars in front of the engine when he felt the impact.   On this state of facts a peremptory instruc- tion was given for defendant, on the ground that the mule was upon the company's track in violation of an ordinance of the city of Greenville, where the accident occurred, forbidding the running at large of such animals, which ordinance was intro- duced in evidence by the defendant.

The appellant assigned the granting of the peremptory in- struction as error specifying the following reasons: (1) Be- cause the fact that the stock law was in force did not preclude recovery; (2) because on the case made out by appellant he was entitled to the benefits of the provisions of Code 1906, § 1985; (3) because the evidence introduced by appellee was not sufficient to overthrow the presumption cast by said statute.

The code section is as follows:

"In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. This section shall also apply to passengers and employes of rail- road companies."

*Hugh C. Watson,* for appellant.

The court below erred in admitting the evidence relative to the stock law being in force in the city of Greenville and in the county of Washington.

Appellee failed to show that the animal was running at large

with the consent and knowledge of the plaintiff or by the fault of negligence of the plaintiff. *Roberds v. Mobile, etc., R. Co.,* 74 Miss. 334, 21 South. 10; 7 Am. & Eng. Ency. of Law, 373; *Smith v. St. Paul, etc., Co.* (Mich.), 82 N. W. 577; *Atlantic & W. P. R. Co. v Hudson* (Ga.), 58 S. E. 500; *Ensley Mercantile Co. v. Otwell* (Ala.), 38 South 839.

The court below erred in granting the peremptory instruction asked by defendant for the following reasons to wit:

1. Because the fact that the stock law was in force did not. preclude recovery.

2. Because the evidence of the case did not warrant the granting of such an instruction. This is true for two reasons: (a) because the case made by appellant entitled him to the benefit of the provisions of Code 1906, § 1985, and (b) because the evidence introduced by appellee was not sufficient to overturn the presumption cast by the statute and exculpate appellee.

The case should have gone to the jury and the peremtory instruction asked by appellee refused. For aught the court knows from the evidence before it, the mule was struck and killed by some other train of defendant than the one on which witness for appellee was running. If there was any doubt as to what train struck the mule in question it was for the jury to draw its inferences. If the mule in question was struck by this particular train it was for the jury to find whether the engineer in charge of it exercised the proper care.

"Where different inferences might reasonably be drawn, the question of negligence is one for the jury, although the facts are undisputed." 8 Rose's Notes, 128, 129, and cases cited; *Williams v. Northern Pac. R. Co.* (Dak.), 14 N. W. 97; *Gulf, etc., R. Co. v. Ellis,* 54 Fed. 481; *Sioux City, etc., R. Co. v. Stout,* 84 U. S. 749.

*Mayes & Longstreet,* for appellee.

The circumstances of the killing having been shown, in the first place, the statute does not apply; and, in the second place,.

even if it did apply its requirement is met by the testimony of the engineer under the circumstances of the case.

WHITFIELD, C. J., delivered the opinion of the court.

The court erred in giving the peremptory instruction for the appellee. The plaintiff was entitled, under the facts of the case, to the application of Code 1906, § 1985. The stock law had nothing to do with the case. *Roberds v. Mobile, etc., R. Co.,* 74 Miss. 334, 21 South. 10.

The engineer was contradicted as to the character of night; other testimony being that it was a starlight night on which one could see some fifty to one hundred yards. The testimony of the plaintiff shows that the mule had run down the track some five hundred seventy-five yards on the roadbed of defendant before it was struck, and there was testimony that from the tracks of the mule and blood and hair of the mule on the ties and rails, it was inferable that the mule had been struck and killed by the train. The true doctrine to be applied to those cases in which the testimony of the engineer is to the effect that the appliances were all right and that he did all that he could, etc., the testimony for the plaintiff showing physical facts from which the jury might have believed that the testimony of the engineer was not correct, is established in the case of *Scott v. Yazoo, etc., R. Co.,* 72 Miss. 37, 16 South. 205. The case of *Louisville, etc., R. Co. v. Tate,* 70 Miss. 348, 12 South. 333, was invoked in that case for the railroad company but was distinguished by us, and we said in that case: "To approve the peremptory instruction in this case would be practically to hold that in cases of this character, in which the employes of railroad companies are often the only eyewitnesses, such witnesses cannot be contradicted by circumstantial evidence. It is the province of the jury, as the triors of fact, to ascertain the truth of a case clouded by such conflict in testimony." The wholesome rule in such cases, and the only safe rule, is not for the court to look to mere possible speculative theories, which, by strained construction, might harmonize the testimony of the employes with

the physical facts furnishing a legitimate deduction that such testimony is not correct, but to leave it to the jury to say from all the testimony, direct and circumstantial, whether the physical facts in the case show in accordance with the probabilities of the situation, and what would usually and ordinarily happen in such case, that the testimony of the employes is most likely incorrect.                          *Reversed and remanded.*