DICKERSON ET AL: *v.* YAZOO & MISSISSIPPI VALLEY RAILWAY COMPANY.

[71 South. 312.]

RAILROADS. *Injuries to stock. Case for jury.*

Where several mules were killed by the running train of a railroad company, and the engineer testified that when killed the mules were all in a bunch, but the evidence showed that they were killed several hundred yards apart, the matter of liability should have been left for the jury.

APPEAL from the circuit court of Washington county. HON. F. E. EVERETT, Judge.

Suit by Ezra Dickerson and another against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant on a peremptory instruction, the plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wynn, Wasson & Wynn,* for appellant.

*Mayes, Wells, May & Sanders,* for appellee.

Smith, C. J., delivered the opinion of the court.

Appellants instituted this suit in the court below to recover of appellee damages for the killing of five mules and one horse owned by them. At the close of the evidence the jury were instructed to find for appellee, and there was a verdict and judgment accordingly. The evidence introduced in behalf of appellants made out a statutory *prima facie* case, and was to the effect that at about twelve o'clock on the night of October 8, 1913, at Marathon, a station on appellee's road, a gentleman living at that station was awakened by a noise, the nature of which does not appear, and upon going out to ascertain its cause he observed one of appellee's passenger trains passing going south, and that it stopped at a trestle a short distance south of the station, remaining there, however, only a few minutes, after which it proceeded on its journey. He then discovered appellants' mules and horse dead upon the track, having apparently been killed by the passing train. One of the mules was lying north of the station, another mule and a horse were lying one hundred and thirty-three yards south of the first mule, and the other three mules were lying at different places further south, the last being three hundred and eighty-eight yards south of where the first mule was found. Other witnesses testified to tracks of mules going south on the railroad beginning two hundred and sixty yards north of where the first mule was killed, and from the way the gravel was kicked up the mules making the tracks appeared to have been running. The driver of the engine pulling appellee's train on the occasion in question testified that he was running at the time between fifty and sixty miles an hour, and that he could not bring the train to a stop at

that speed within a distance of less than fifteen hundred or sixteen hundred feet; that he did not see the mules ·until too late to prevent striking them, and that as soon as' he saw them he shut off the steam and applied the air brakes; that when he struck the animals, they were not scattered along the track, as testified to by witnesses for appellant, but they were ''all huddled up together'' in a space not larger than the courthouse in which the case was then being tried.

The evidence of this engineer seems not to be in accord with the physical facts testified to by the witnesses for appellant, so that the case is of the type illustrated by *Scott* v. *Railroad Co.,* 72 Miss. 37, 16 So. 205, from which it follows that the peremptory instruction should not have been given.

*Reversed and remanded.*