## BARNES v. MOBILE & O. R. CO.

[96 South. 513.  No. 23378.]

1. RAILROADS. *Operatives of trains required to exercise reasonable care to avoid injury to stock on track when peril discovered.*

   In the operation of trains, the employees of railroad companies are required to exercise reasonable care to avoid injury to stock upon the track when their position of peril has been discovered. Employees are not required to do everything possible to avoid the injury, but only to exercise reasonable care.

2  RAILROADS. *Question whether engineer used reasonable care after discovering stock in peril held for jury.*

   In an action for killing stock, where the testimony of the engineer is to the effect that the track was straight and he was on the lookout, that when he first saw the stock they were approaching a crossing from which the engine was about sixty feet, and that he blew the stock alarm, but had no time to check or stop his train before he struck and injured two of them, and where the testimony of the plaintiff showed that the tracks of stock running upon the railroad track started two hundred and fifty or three hundred feet north of where the engineer says they came on the track, and ran several hundred feet below this crossing before being struck and injured, and the testimony of the engineer shows that he could have stopped or at least checked his train within the period the stock may have run on the track, there is conflict between the physical facts and the testimony of the engineer. The cause should have been submitted to the jury, upon this conflict in facts, to say whether or not the engineer used reasonable care after discovering the stock in a place of peril.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Action by A. G. Barnes against the Mobile & Ohio Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Chas. B. Mitchell,* for appellant.

We submit that the peremptory instruction in this case, requested by the defendant, should have been refused and the case submitted to the jury for two reasons. In the first place, there is a conflict in the testimony as given by the plaintiff and on plaintiff's behalf and that offered on behalf of the defendant; and second, the physical facts surrounding the injury, not only contradict the explanation offered by the witness for the defendant, as regards this accident, but are absolutely inharmonious and irreconcilable with it.

Is it possible that in cases of this character, where the employees of railroad companies are the only eyewitnesses, that such witnesses cannot be contradicted by circumstantial evidence? We earnestly submit, that it is the province of the jury, as triers of fact, to ascertain the truth of a case clouded by such conflict in the testimony, and was so held in the case of *Scott* v. *Y. & M. V. Ry. Co.,* 72 Miss. 39.

So for the first reason set out, namely, there being a conflict in the testimony, we earnestly submit that the court below erred in granting the defendant the peremptory instruction as requested. We come now to the second reason why we contend that the peremptory instruction should have been refused and the case submitted to the jury for their consideration.

The record clearly discloses the fact that the physical facts surrounding this accident and injury, not only fail to harmonize with the explanation offered by the defendant, but are absolutely irreconcilable with it. The physical facts point to a theory that makes the explanation of the defendant unreasonable. The record readily discloses this variance between defendant's explanation and the physical facts surrounding the injury.

To support my contention in this regard, I refer the court to the case of *Scott* v. *Y. & M. V. Ry. Co.,* 72 Miss. 37, wherein it was held: "In an action for killing a mule, although the engineer testifies that it came on the track immediately in front of the engine, which was going south

and that he did everything possible to prevent collision, if there is testimony that there were tracks as of a mule running rapidly two hundred yards down the track to where it was found dead, and that there was a large hole in its right hip, and the engineer admits that if he had tried to stop at one hundred or one hundred fifty yards he would be going very slowly, it is for the jury to say whether the injury could have been prevented by reasonable effort and a peremptory instruction for defendant is error." *Scott* v. *Y. & M. V. R. Co.*, 72 Miss. 37.

We also refer the court to the case of *Dickerson* v. *Yazoo & Mississippi Railway Company,* 71 So. 312, wherein it was held: "Where the evidence of the engineer seems not to be in accord with the physical facts testified to by witnesses for appellant, the case is of the type illustrated by the case of *Scott* v. *Yazoo and Mississippi Valley Railway,* 72 Miss. 37, from which it follows that the peremptory instruction should not have been granted."

We earnestly insist that in these cases where the testimony offered on behalf of defendant negatives the company's negligence, if the physical facts surrounding the injury might justify one in inferring negligence, the correctness of the employee's testimony and of the company's negligence are for the jury and it has so been held by this court in the case of *O'Kelly* v. *Yazoo & Mississippi Valley Railway Company,* 47 So. 661.

We therefore respectfully submit, that to grant the peremptory instruction in this case in defendant's favor was error and that the case should be reversed and remanded for a new trial.

*J. M. Boone,* for appellee.

The court below held that the physical facts were not sufficient to overturn the testimony of the engineer and that the testimony of the engineer and brakeman was a reasonable statement of how the accident occurred and

did not show negligence on the part of the engineer in the killing of the animals.

It cannot be contended that an engineer would deliberately run into a drove of mules and horses and thus take his chances of having his engine derailed and his own life perhaps lost by the overturning of his engine. The very instinct of self preservation would prevent any act of that sort on the engineer's part; yet the declaration based its cause of action upon the wanton and reckless conduct of the engineer. These animals were trespassers upon the track in the nighttime at a place where they had no right to be.

As was said in *Railroad* v. *Martin,* 126 Miss. 765: "It has been determined by numerous decisions of this court that in operating its trains the railroad company is only required to exercise reasonable care to avoid injury to stock on or near its track after discovering their position of peril; it is not required to do everything possible to avoid the injury; that the standard of action of the average man under the circumstances is their criterion; that in the operation of its trains it does not have to check their speed until there is a reasonable apprehension that such stock will go on the track and that if the evidence shows without conflict that the injury complained of could not have been avoided by the exercise of reasonable care, then it is the duty of the court to instruct the jury to find for the railroad company."

The above quotation cites many Mississippi cases in support thereof. There is no obligation upon the servants of the company to keep a lookout for trespassing stock. *Railroad* v. *Jones,* 111 Miss. 159. Under the law as held in the case of *Chicago Railroad* v. *Jones,* 59 Miss. 465, the engineer of the train in this case would have been justified in increasing his speed rather than diminishing the same if he had seen the stock soon enough to increase the speed, for the reason that running into a drove of horses and mules there was danger of the locomotive being derailed, and the wise policy to pursue would be for the engine to

hit the stock with all the force possible so as to knock them clear of the track and thus prevent wrecking his train. He could not act upon the theory that all of the drove would clear the track except two even if he had had sufficient time to consider the proposition.

The alleged conflict in this case is no greater than that in the case of *Hines* v. *Andrews*, 124 Miss. 292. In this Andrews case witness Herron testified for plaintiff that the cow went onto the track about fifty yards ahead of the train and ran one hundred ten yards down the track before she was struck and yet the engineer testified in the Andrews case that the cow crossed from the east side to the west side and passed out of his sight, and that she was in a place of safety when she crossed the track ahead of him; that he was keeping a lookout and did not see the cow any more until she fell off the pilot of the engine; that the train was running about forty-five miles per hour.

This accident evidently occurred in the daytime. The cow started on the track one hundred fifty feet ahead of the engine and then ran three hundred thirty feet more, making the cow run three hundred thirty feet while the train ran four hundred eighty feet, which was an impossibilty if the train was in fact running forty-five miles an hour. This is a greater conflict in the evidence than any that is alleged to exist in this case, yet this court decided the case in favor of the railroad.

I venture the assertion that there never was an occasion when a fast running locomotive ran into a drove of horses that it did not kill some of them regardless of what the engineer did or did not do. On occasions of that kind the engineer could not be expected to see all that happened, as the first thing perhaps that enters into his mind is whether or not his train will be wrecked and his life lost, and could not be expected to act with that cool, calm deliberation of a man sitting down after the accident and estimating what could or could not have been done.

We respectfully submit that this case ought to be affirmed.

SYKES, P. J., delivered the opinion of the court.

This is a suit instituted in the circuit court by appellant (plaintiff) for the value of a horse and mule alleged to have been negligently killed by a running train of the appellee (defendant) railroad company.

At the conclusion of all of the testimony a peremptory instruction was given the appellee (defendant), from which judgment of the court this appeal is prosecuted.

The testimony for the appellant is, in effect, as follows: One Sunday afternoon in April he discovered that his stock, about twelve head in number, had gotten out of his pasture, probably through an open gate. This pasture adjoins the railroad right of way, which is fenced. He failed to find his stock before dark, went home, procured a lantern, and started again in search of them. While near the railroad track, he saw a freight train coming. He heard this train sound a stock alarm for probably twenty or thirty seconds; that the train made no effort to check its speed. After the train passed he found ten head of his stock not injured and a horse and mule killed. He found at a crossing a lot of stock tracks. From this point he traced the tracks made by a horse and a mule which indicated that they were running to the places where the animals were killed. It was nine and one-half steel rails to where the mule was killed and fourteen rails to where the mare was killed. These rails are thirty-three feet long. He did not go above the crossing.

Another witness for the plaintiff testified that he, at his home, also heard the engine sound the cattle alarm and also saw the train; that it made no effort to check its speed; that the next day he examined the railroad track and found the tracks where the animals first began to run, and this place was at the south end of a trestle; that from this point the evidence indicated that the mule ran eighteen steel rails and the mare twenty-four. All witnesses testified that the track is straight for at least a mile.

The engineer testified that his train was running twenty-five or thirty miles an hour; that he was on the lookout; that by his headlight that night he could have seen stock on the track one hundred or two hundred feet before he reached them; that his attention was called to a bunch of stock near the track at that crossing by the brakeman; that the stock were then coming toward the track from the east side; that he did not have time to do anything except apply his stock alarm; that the stock scattered—some went on one side of the track, and some on the other; that he thought his engine hit the horse and mule about the same time; that he could have stopped his train within five hundred or eight hundred feet.

We think the learned circuit judge was in error in granting the peremptory instruction. The testimony of the engineer and the physical facts are contradictory. The engineer testified that he could have discovered the stock on the track one hundred or two hundred feet away; that they all approached the track at that crossing. The testimony of a witness for the plaintiff is that two animals started running at the trestle, which is about two hundred fifty or three hundred feet north of the crossing. The track was perfectly straight. If the engineer was on the lookout, as he testified he was, and the stock started to running at the trestle, it was a question for the jury to say whether he saw them before this crossing was reached. Again, the engineer testified that they came on the track at the crossing about sixty feet in front of the engine and were struck almost immediately. The tracks, however, show that the mule ran about three hundred feet from the crossing to the place where it was killed, and the mare over four hundred fifty feet. The engineer testified he could have stopped the train within five hundred or eight hundred feet, but that he could have checked his train much sooner.

In short, from the plaintiff's testimony the jury could have believed that the mule ran five hundred ninety-four feet in front of the train and the horse seven hundred

ninety-four; that the engineer was on the lookout and saw this stock running on the track, but did nothing except sound the stock alarm; that he made no effort whatever to stop or check his train; that by applying his brakes he could have either stopped the train before hitting the stock or checked it to such an extent that both the horse and mule would have escaped; and that he failed to exercise reasonable care in trying to stop the train when he discovered the animals on the track.

The facts in this case are quite similar to those in the cases of *Scott* v. *Railroad Co.,* 72 Miss. 39, 16 So. 205, and *Dickerson* v. *Railroad Co.,* 110 Miss. 898, 71 So. 312.

In the operation of its trains, the employees of a railroad company are required to exercise reasonable care to avoid injury to stock upon its track when their position of peril is discovered. These employees are not required to do everything possible to avoid the injury, but only to exercise reasonable care; and in this case the question of whether or not, under these conflicting circumstances, this reasonable care was exercised, is a question of fact to be decided by the jury.

*Reversed and remanded.*